This is the case of HIRA Educational Services North America versus Frank Augustine et al. The minutes I have here indicate that Mr. Myers will be arguing on behalf of defendant Sinato and Mr. Holtzman will be arguing on behalf of defendant Vogel. I don't have any minutes for you Mr. Gordon. I assume by process of deduction that you are Mr. Bernstein's counsel. Is that right? That's correct your honor. Okay. We don't have any time allocated for you and I understand you're just available to answer questions if the court has any. Is that right? That's correct your honor. If there are any questions specific to representative Bernstein I'm available but otherwise I've deferred to the co-counsel to answer the issues. Okay. Very good. And Mr. Myers you have six minutes and three for rebuttal and Mr. Holtzman has six minutes. Is that correct? That is correct although the rebuttal we're not sure who will address that because it depends upon how the argument goes. One of myself or Mr. Holtzman will do the rebuttal. Okay. All right. As long as we just have one counsel on rebuttal. All right. With that Mr. Myers you may begin. Good afternoon and may it please the court. Carl Myers from Stradley Ronan in Philadelphia. I'm here today representing Christopher Sinato who is the representative for the ninth legislative district in the Pennsylvania House of Representatives. Just to set it up I will be addressing the question of legislative immunity for six minutes. I will pass it over to Mr. Holtzman to address the question of qualified immunity for six minutes. We're going to defer to our briefs in the interest of time on the balance of the questions. If the court has appellate jurisdiction questions Mr. Holtzman can field those and of course Mr. Bern Mr. Gordon is available for questions specific as to Representative Bernstein. But starting with the question of legislative immunity the three legislators each have fully asserted legislative under the speech or debate clauses of the federal and Pennsylvania constitutions. Those clauses provide the legislators with absolute protection for all actions that they undertook within the sphere of legitimate legislative activity. As the court surely is well aware the Supreme Court has mandated that that those clauses must be broadly construed to effectuate their purposes and so they go well beyond literal speech or debate. So they include things like investigations, they include fact-finding missions and they also those protections extend outside the chamber walls. The one thing that must be excluded from consideration is motive and intent. The Supreme Court has said time and again that the reason why a legislator undertakes a specific action is not to be considered in the legislative immunity analysis. It's the intrinsic nature of the act that matters not the reason why the legislature undertook it. So here the question for the court is were the legislators actions taken in a legitimate legislative sphere? And to answer that question the question is what is the dispute in this case? And this is a dispute over the sale of commonwealth-owned property. And so the question becomes what does the legislature have to do with the sale of commonwealth property? And the answer is everything. The General Assembly enacted a statute over a century ago saying that it had the power to decide the disposition the sale or non-sale of commonwealth property and in 1981 enacted Act 48. And Act 48 provides a specific process with legislative oversight from the General Assembly and includes a set of criteria that must be followed for every surplus property sale. And at the end of the process the proceeds by legislation under Act 48 have to be deposited into the treasury where they are subject to the plenary appropriating power of General Assembly. Excuse me your brief does a very good job in laying this out and I know there's a limited amount of time. It seems to me that on the Senate resolution this is squarely legislative activity so I'm more interested in the other matters the side the meeting with the Department of General Services and so if you could help us tell us why these are legislative activities and not advocacy or lobbying. Absolutely Judge Sirica and thank you for that question. On the question of the letter and just to reiterate the point on the resolution I think it's pretty clear Powell versus McCormick makes it very clear that legislative resolutions and appearing in front of a committee considering a resolution is squarely within legislative immunity. On the letter and the meeting with DGS it's important to remember they met with DGS and the DGS secretary that is the officer the cabinet officer who is charged with implementing Act 48. So the fact that they met with DGS is no accident because this was part of legislative oversight. It's the legislators meeting with writing letters to and meeting with the implementing power under Act 48 to make sure Act 48 is being administered the way it was supposed to be administered and also it was a discussion and a letter in the precursor to possible legislation because at that point Senate Resolution 154 was still pending and as a matter of fact you know I hate to I hate to interrupt but I have to tell you I understand that before you worry about immunity you worry about whether or not there's been a pleading which set forth a statutory or constitutional violation because if it isn't then you know there's no question of immunity and if you look at if you go through this carefully this is what we saw what I saw that they they wrote a letter to the governor uh they spoke at a community meeting they called for investigation they made statements to local news authorities disapproving the sale and they introduced um they uh they introduced a resolution is there anything actionable in any of that uh because if there isn't then you don't have to worry about immunity well your honor that we agree um we actually all three legislators asserted that HIRA had failed to state a claim an actionable claim on any of its counts um unfortunately we're here today because um uh Judge Schwab uh rejected summarily rejected the legislative immunity defenses and that necessitated us taking a collateral order appeal because an absolute legislative an absolute immunity defense is immediately appealable under settled precedent so we agree and and were things otherwise and worth did things play out differently in the district court we wouldn't even be having this discussion and we do agree that the HIRA has failed to state a claim but the simple reality is that we're here on an immunity defense because um it was denied in the district court and so we had to take an immediate appeal to protect our clients yeah well the district court can do what it wants but this is a court of appeals and I think we have to first according to the Supreme Court of the United States look at what the allegations are that they did wrong and if they didn't do anything that's actionable then you don't have to worry about immunity maybe I don't understand it but that's what I thought the law was well that is true that is true Judge Greenberg um and that actually sort of uh sort of introduces the qualified immunity analysis that Mr. Haltman is about to speak to but in answer to your question we do have to accept the allegations as they are on the face of the pleading and we submit that even accepting all of his allegations is true because we have to it's at the motion to dismiss that there is an absolute immunity either either legislative immunity or qualified immunity or a combination of the two even assuming those allegations are true that absolutely protects the legislators from liability um I see um I'm keeping time here I see I've gone over my six minutes so I'm unless the court has questions additional questions on the legislative immunity I was going to pass the matter over to Mr. Haltman I don't the uh um are is there anything else you want to tell us about legislative immunity that we haven't touched on uh well not without uh keeping the court here for the rest of the afternoon I have lots of things I can share about legislative immunity I would simply say that all the categories of activities there really are three buckets there is the resolution communications with executive branch officials and communications with constituents and all of these activities are quintessential legislative in nature legislators have to represent their constituents they have to give voice to their constituents and the only way they can do that is if they can actually listen to their constituents speak with their constituents and then relay constituent concerns to others including other people in other branches of government so I in my mind anyway um it's an easy call that everything that happened here is subject to legislative immunity I'll turn over Mr. Haltman now and and if we had and if we thought that some of the matters should be better handled with qualified immunity you would still win yes absolutely um it's really two sides Judge Cyric it's two sides of the same coin because if the court looks at this as a legislative legislative in nature so it's the legislature carrying out its power to decide whether real estate should be sold or not as a policy matter and as a legislative matter then it falls within legislative immunity but on the other hand the court views some of the allegations as legislators advocating for executive branch officials then it's qualified immunity and that's the x-men case but I don't want to steal uh Mr. Holtzman's thunder on that I understand I understand thank you all right thank you Mr. Myers Mr. Holtzman yes thank you your honor good afternoon my name is and really piggyback on what Mr. Myers just mentioned a moment ago to the extent that HIRA's allegations here against the legislators are not perceived to be allegations regarding activities covered by legislative immunity they are assuredly allegations about certain types of speech and advocacy that the legislators performed in their official capacities and because the first amendment to the U.S. Constitution protects the very forms of speech and advocacy at issue here and because HIRA does not have a constitutional or statutory right to require the legislators not to engage in these constitutionally protected activities the legislators are entitled to qualified immunity for having engaged in them as the court knows the doctrine of qualified immunity shields government officials from being sued in connection with their performance of discretionary functions as long as their performance of those functions does not clearly establish constitutional or statutory rights that a reasonable person would have known about it's very important to note that under this framework a plaintiff does not have a constitutional or a statutory right to require state legislators to refrain from engaging in forms of speech and advocacy that are protected by the first amendment and in fact along these lines this court has already recognized that in light of the first amendment a government official cannot be asserted here for speaking with a government official or agency and encouraging that official or agency to make some decision on some basis regardless of whether the advocated basis is alleged to be inflammatory or improper in some way and so in particular i'm talking about and want to focus for a moment on this court's decision in mccoughlin versus watson which is found at 271 federal third reporter page 566 this is a decision the court handed down in 2001 and there the plaintiffs alleged that the u.s attorney for the eastern district of pennsylvania a man named mr styles had spoken with pennsylvania's attorney general mr fisher who was the plaintiff's employer and influenced mr fisher to take a variety of what they claimed were adverse employment actions against them and the plaintiffs claimed that through that particular course of conduct mr styles had violated their first amendment rights but this court concluded that it was in the first amendment itself that protected mr styles's conversations with mr fisher and that as a result mr styles was entitled to qualified immunity for having engaged in those conversations and the court stated as follows quote we note in this regard that the alleged improper conduct itself took the form of speech conversations with fisher where styles allegedly influenced fisher to take adverse action against the plaintiffs close quote that's at page 574 of this court's opinion in mclaughlin now notably in reaching that conclusion and determining that mr styles was entitled to qualified immunity this court cited with approval the second circuit's decision in the case called x-men security incorporated versus pataki found at 196 federal third reporter page 56 that's a decision the second circuit down in 1999 and as your honors probably are aware the legislators explain in some detail in their briefs that the x-men decision is closely analogous to this case from a qualified immunity perspective and just to kind of summarize the point the second circuit emphasized in x-men that the first amendment protects a legislator's right to state publicly his or her criticism of the granting of a public contract to a given entity and urge the decision makers that the award of the contract shouldn't happen would contravene public policy or otherwise would be unadvisable and notably the two legislators in x-men lacked the authority to decide who would receive the public contracts that were at issue there and the first amendment as a result protected about why the decision makers should not award those contracts to a company called x-men including their allegedly false and inflammatory statements about that company's religious orientation and practices in light of those factors the second circuit held the legislators were entitled to qualified immunity so similarly in this what we have is that hirer is electing quite correctly honors that it was the pennsylvania department of general services dgs and not just had the authority to decide who would receive the public contract to purchase the ydc property which is the property at issue in this case therefore just like the about dgs's choice to award the contract to hira even if those concerns were allegedly inflammatory or false simply the first amendment protects the legislator statements and hirer does not have a right let alone a clearly established one to use 42 usc section 1983 statute to prevent the legislators from making them um so i think my time is up at this point your honors i'll um save the rest of our time for rebuttal unless you have any questions for me at this one one quick question uh one quick question um with respect to the shinango township action that was taken there the qualified immunity would also apply that's your position in this matter and jessica is that are you referring to the enactment of the local ordinance yes uh i don't believe there are any allegations in the complaint um that connect the legislators in this matter with the enactment of that ordinance the extent that there's some inference in the complaint that the legislators advocated for the enactment of the ordinance then yes i the decision maker if you will the governmental entity that took a state action in your scenario there was shinango township and not the legislators they were merely advocates but again i don't i don't recall that there was any allegations of that effect in the complaint okay thank you you're welcome um thank you mr holtzman before we go to miss jump mr gordon a quick question for you since mr holtzman was just talking about qualified immunity i didn't see anywhere that defendant bernstein raised qualified immunity in the district court am i right or wrong about that your honor i believe it was raised in uh our brief on the motion to dismiss but uh why don't you tell me where tell tell us where you raised it um i apologize your honor i do not have the exact pin side why don't you why we'll we'll come we'll come back to you after ms jump because you'll have at least 15 minutes to look that up i need you to tell us where that was raised in the district court because it wasn't it was forfeited so uh go ahead and look at that and we'll turn to uh to miss jump thank you your honor may it please the court the first question we need to ask here and answer here um as with any proceeding is whether this court has jurisdiction and the uh my colleagues on the other side of the bench went past that a bit the district court here determined that there were fact issues and dismissed these motions to dismiss without prejudice in june of 2018 finding that fact issues existed regarding whether the actions of the defendants and now appellants warranted immunity defenses um in finding so the district court stated that whether any of these individuals is entitled to immunity rests upon whether the individuals engaged in legitimate activities while in the course and scope of their position and authority and the district court then held that detailed and well pledged allegations in the complaint alleged that none of these individuals did so thus the discussion the discussion was mired in facts the district court did not at any point eliminate an avenue for the defendants now appellants to proceed or to reassert this again or even bring it up on the road instead the district court simply called the motions premature and let me ask you a question though unless the complaint alleges facts that could establish liability then even if there's a dispute of facts uh if there's a claim of immunity to it then is it that a legal question which doesn't depend on you have to take the facts as alleged so maybe they can't be proven but uh the mere fact that you uh make an allegation and then there's a claim of immunity don't you have a right to uh have the uh court of appeals take jurisdiction it's denied of course i your honor if i understand your question correctly and feel free to correct me if i don't that um there's not an absolute right to the immunity and particularly in these situations as many courts have stated that immunity is not appropriate where the actor decision first of all it affects only a small number or a single no no i'm not i'm not suggesting that there's immunity or not i'm just suggesting that if you raise the immunity defense in effect what you're doing is you're for purposes of your emotion you're conceding that the allegations have to be taken as alleged yes okay i'm sorry but i apologize your honor i didn't understand the question correctly the first time i do agree that there has not been a dispute in the proceedings here as we've as we've progressed that in the motion to dismiss the obviously the defendants and now appellants um alleged a lot of different grounds the judge ruled on the basis that the immunity issue was premature and could be reasserted later and that's what we've brought forward and that's what we're appealing on and that is the only issue why is it premature if it's addressing the complaint as alleged and you're taking the facts as alleged and why is it premature because there are factual disputes which would be premature at the motion to dismiss stage where the i understand that there are factual disputes but if the defendant is moving to dismiss on the ground that he has immunity why do you have to resolve the factual disputes if he takes the complaint as it's alleged okay uh your honor again i apologize and please do feel free to um point out if i am off track but as i understand your question the question of whether the immunity would apply even if we're taking the facts as alleged comes down to whether those acts were performed um for the legitimate purposes within the scope of the position um and legislative acts involve policy making of a general scope not specific again um it wouldn't kick in where it's as where the action affects only a small number of individuals um and but what you're telling what you're saying is that they don't have the immunity all i'm saying i'm only concerned right now with a question of jurisdiction at least to see if they have immunity on the facts as alleged your honor at this stage in an appeal from a motion to dismiss the only way that this court would have jurisdiction on appeal from that interlocutory order uh would be if there was an absolute immunity where the uh collateral order rule would kick in and we don't believe that the collateral order rule does apply here therefore we don't believe that there is jurisdiction um i believe that that the appellants misplaced their reliance on the on the collateral order doctrine um it is one that kicks in only in rare circumstances and it only kicks in um where it can't it can't it's not it's not rare in cases involving immunity the collateral the collateral order doctrine is um is quite frequent in cases involving claims of either qualified immunity or legislative immunity because it's immunity from suit it's not it's not just immunity from judgment it's immunity from suit so let me follow up on judge greenberg's question about jurisdiction what are the dispute uh disputed issues of fact that justified the district court's denial of immunity because those are that's sort of the exception of the collateral order doctrine when when we get a case involving immunity and there are important or material issues of fact in dispute then those need to be determined by the district court before it comes up to the court of appeals consistent with judge greenberg's question don't we just look at the facts of this complaint and assume that they're all true uh and then don't we have jurisdiction under the for us to show us that we don't have jurisdiction over this appeal yes i believe that i can do that um your honor this court in sicardy versus city of philadelphia i think is the most applicable to this to your instant question um that the collateral order doctrine will not attach where issues on appeal uh where the main issue on appeal is whether there is a genuine issue of material fact and there is a genuine issue of material fact on these circumstances which again in this matter what did not delineate each one did not go through and itemize but said that the specific allegations were mired in the facts um and pointed out for example i'm asking you i'm asking you to tell us what what those facts are just yes your honor give me some give me some facts that are in dispute here that deprive us of jurisdiction under the collateral order doctrine the what is this what is in dispute whether the actions what the facts that are in dispute is were for legitimate legislative purposes or not and in order to determine that we need to look at the specific facts and get determination on for example whether as argued today um by my uh counsel on the other side whether uh the legislature's uh defendant vogel particularly mentioned that um being involved in the sale at issue um is something that he believes would fall of legislative but it's pled in document 82 in the record at pages 28 to 30 or stated i'm sorry in document 82 at 28 to 30 um that defendant vogel stated that he didn't have any involvement in that so you can't have it both ways you can't say that um these their duties make make this a legislative issue and make it centrally formed form and and involved with the legislative acts and that they're not responsible for it because it wasn't their job they can't have it both ways in addition speeches that are made outside of congress outside of the legislative uh context are not um in and of themselves automatically determined to be something that is um warranting of immunity um the uh immunity does not cover political activities which can include a wide range such as newsletters news releases speeches outside of congress that's usb booster um the at these um meet public meetings that that happened which were not called by any government official these are public meetings that occurred at a private location um and they were the the defendant showed up and spoke at them but these were not specifically public meetings that were called by the legislators in their legislative capacity um but statements that were made there that said things such as we need to look into any national security type issues which may arise because of the nature of the um of the entity of hira um as being a muslim-based um uh institution that was planning to have the the facility for youth for muslim youth specifically um the hira um again that there might be any sort of national you know national security issue relating to hira with no foundation given for that those absolutely go outside the scope of the necessary legislative activity and again under usb booster the supreme court has said that that's not within the scope of what triggers immunity um there is all right let's let's assume that let's x-men from the second circuit uh hurts you uh it goes the other way but i i assume your your response to x-men is well that's the second circuit we're in the third we don't have to follow it is that right that's part of the response to x-men yes and it is not controlling okay all right um so what what law is controlling on this court that has a fact pattern like x-men or a fact pattern like this case that goes your way i believe that um what is relevant here again um if we were to look at the saccardi case versus city of philadelphia again there it said um that the holding of this court is that the um if there is a genuine issue material fact then the collateral order rule does not apply and i know now i'm now we're beyond jurisdiction now we're we've already covered jurisdiction okay so we're talking about qualified immunity mike i think we've agreed that the x-men case is not favorable to you um and and as you pointed out there it's not controlling on this circuit you're so my question for you is tell us the name of a case or cases that are controlling on this court that have a fact pattern similar to your fact pattern such that the defendants in this case would be put on notice that their behavior was illegal your honor i believe for example for instance something in this court is that the montgomery county case which is cited in our briefs which is third circuit from 2000 in that case on which defendants rely one of the distinguishing factors is that the court um simply found that there were no viable claims on the merits it was not deciding that's not what we have here here the court did the district court did not reach that issue and decided that there were fact issues and that that's what needed to be looked at so i think the montgomery county case shows us within the third circuit one of the things that needs to be considered in looking at the immunity issue i would also say that in the oliver case which is cited by my colleagues across the aisle as well the court found that there was an already existing legal determination and here the district court was very clear and made and in two separate rulings both in the original one on june 13th and in a subsequent ruling on june 18th after there had been additional briefing on an unrelated issue regarding potential joiner of a necessary of a different necessary party that's not an issue on this appeal the district court made very clear that this was not an existing final legal determination there was no final legal determination made by the district court as to whether any type of immunity applied simply the district court held that these were mired in facts and the district court found that additional factual discovery and factual response would be needed in order to determine whether that legal defense applied so it is different than how this court held in oliver because in oliver there was an existing legal determination that's not what we have here we also do not have an issue that can that is completely separate if we look under the there is no issue here which is completely separate from the merits and in fact again the district court made it clear that that these fact issues turn out that the allegations within the complaint turn on factual determinations that do directly relate to the merits and finally this is not unreviewable again the dismissal ordered by the district court the orders that are on appeal here were without prejudice in order to be able to reassert them at a later date and also could be reviewable at a later date so i don't believe that we can make any of that the appellants here can satisfy any of those requirements um as you know in harlow v fits the united states supreme court which obviously is binding um of course on this court uh qualified immunity only applies if the conduct does not involve does not violate clearly established statutory or constitutional rights um where a reasonable person would have known of them and here we have stated the statutory rights under both the federal statute of relupa the religious land use and institutionalized persons act as well as the state equivalent the rfpa and then also the first amendment and then there are 1983 claims here as well all of which do establish very clear rights that based solely on the religion of um the religion focused uh side of of the entity here of hira and its religious nature um is protected under the establishment clause and what's already codified in relupa as well as the state's religious freedom protection act and the first amendment we're not solely on first amendment here incidentally which was not addressed by my colleagues um on the other side but even with the first amendment there are clearly stated rights there are clearly stated issues here um they're a clearly stated recovery to action and um i don't believe that the qualified immunity would apply um even in that circumstance because there is a clearly stated right at most what should happen is additional discovery um or any discovery well discovery should be allowed to begin to determine whether the actions that were taken by these defendants whether they were in things that can be considered to be legitimate activities taken in the course and scope of their positions and authority we also heard earlier today from council on the other side again both that um because this involved the sale of property and that's a state uh that's a state task that the legislators had a right and it was and it counts as a legitimate activity for them become involved but also that they didn't that they were not involved in the sale and that they can't be held responsible because they didn't have anything to do with the sale it was dgs they can't have it both ways that requires more factual investigation and for discovery to in fact take place and move forward thank you miss job do you have any other questions with judge greenberg go judge surica nor do i all right thank you miss jump mr gordon uh we're going to return to the question i asked before miss jump made her argument thank you your honor i looked and apparently i don't think that our briefing below um does raise qualified immunity specifically but i do think that we raise um the the heart of the qualified immunity defense is that there is not a clearly established right and so we do raise extensively in our motion to dismiss that all of the rights raised by hira and its complaint are not clearly established so i would also note that i think the defense of qualified immunity can be raised at any time during the proceeding before a trial so to the extent uh representative bernstein's team to not have adequately raised it in the motion to dismiss he could raise it again on a motion for judgment on the pleadings or for a motion for summary judgment in this court or the district court would have to address it then um so to the extent it it we believe we did raise uh the same issues that are there in the qualified immunity but if we didn't specifically say qualified immunity and that is deemed a waiver we believe this court could still address that because it would that issue is would then go back to the district court and the district court would have to decide the issue on a motion for judgment on the pleadings or summary judgment um but i apologize i don't think we represented bernstein's motion specifically said it um but we did raise all the same arguments about why there's not a clearly established right before our briefing here were raised in the motion to dismiss brief all right well we have a pretty strong forfeiture doctrine in the circuit and if you want qualified immunity you have to ask for it um and and uh your your review is consistent with my study of it that raised legislative immunity and nor pennington the nor pennington doctrine but not qualified immunity so uh you may uh that's not an issue for us then we'll whether it's an issue for the district court or not we'll leave to the district court but the court thanks you and mr holtzman and mr myers and we thank ms jump for the arguments the court will take the matter under advisement